UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) | Case No. 1:08-CV-1076 |
| Plaintiff, | ) ) | JUDGE ANN ALDRICH |
| v. | ) ) | |
| D.J. FRANZEN, INC., | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

Before the court is defendant D.J. Franzen, Inc.'s motion to dismiss the complaint for failure to state a claim upon which relief can be granted. [Docket No. 4]. For the following reasons, the motion is granted.

**BACKGROUND**

On May 5, 2006, D.J. Franzen, Inc. loaded a truck of floral products at Willoway Nursery in Avon, Ohio to be delivered to Spectral Enterprises, which is insured by the plaintiff, Frankenmuth Mutual Insurance Company.[1] The single count complaint alleges that D.J. Franzen was "negligent in the delivery of the product causing damage to Plaintiff's insured . . . in the sum of $16,866.69." This common law negligence action, initially filed in the Lorain County Court of Common Pleas, was removed to federal court pursuant to 28 U.S.C. § 1441(a) and (b) because the presence of a federal question created by the Carmack Amendment (49 U.S.C. § 14706). 28 U.S.C. § 1331, 1337. [Docket No. 1]. D.J. Franzen now moves to dismiss the complaint for failure to state a claim upon

---

[1] In the complaint, plaintiff states that it paid its insured the sum of the loss and, per the terms of the insurance policy, became the subrogate to the rights of the insure for that amount.

which relief may be granted on the ground that the single state law claim is preempted by the Carmack Amendment.

### LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint that fails to state a claim upon which relief may be granted. The complaint, for purposes of a 12(b)(6) motion, is to be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). While the complaint does "not need detailed factual allegations," a plaintiff has an "obligation to provide the grounds of his entitlement to relief." *Bell Atlantic Corp. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal quotes and citations omitted). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Under long-standing Supreme Court case law, the Carmack Amendment's regulation of interstate commerce carrier is so complete and detailed that "there can be no rational doubt but that Congress intended to take possession of the subject, and supercede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913). The Sixth Circuit has also made it clear that "when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *American Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970); *see also W.D. Lawson & Co. V. Penn. Cent.*, 456 F.2d 419, 421 (6th Cir. 1972) (holding that the Carmack Amendment preempts common law suits relating to the shipment of goods by interstate carriers).

Here, plaintiff's claim is based on a state common law cause of action for negligence in the delivery of floral products, not the Carmack Amendment. The state common law cause of action asserted by the plaintiff can not be translated into a federal claim; the complaint must explicitly plead a claim pursuant to the Carmack Amendment. Therefore, as a matter of law, the plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, the court grants D.J. Franzen's motion to dismiss.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: August 12, 2008**